UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARWOOD INVESTMENT COMPANY, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, *et al.*,<br><br>　　　　　　Defendants.<br>_____/ | No. C-09-3410 EMC<br><br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket Nos. 12, 13)** |

　　　　Plaintiffs Harwood Investment Company and Willits Financial, Inc., filed suit on July 24, 2009 against Defendants Wells Fargo Bank, NA, and Rabin Worldwide, Inc, a California Corporation. The complaint states eleven causes of action mostly arising from the alleged release of hazardous materials into the soil and groundwater in and around the "Facility," a lumber mill in Mendocino County, California. Both Defendants filed motions to dismiss the complaint. A hearing was held on Defendants' motions on November 18, 2009. At that hearing, the Court **GRANTED** Defendants' motions. This order memorializes the ruling made by the Court and the reasons therefor.

**I.　　DISCUSSION**

　　　　Defendants' main argument is that "plaintiffs have not pled sufficient facts to show standing to sue," allegedly because the complaint did not adequately reveal the identity of the plaintiffs. Dockets 12 and 13. The complaint alleges that Defendants were in possession of the property at all

times relevant to the action, Compl. ¶ 7, but it fails to explain any interest that Plaintiffs may have in the property.

"For a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (discussing pleading standards after *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal).* Conclusory allegations, or "naked assertions devoid of further factual enhancement" cannot suffice. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). A complaint that fails to allege facts sufficient to demonstrate standing is subject to dismissal under Rule 12(b)(6) for failure to state a claim. *Sacks v. Office of Foreign Assets Control*, 466 F.3d 764, 771 (9th Cir. 2006). "To survive a rule 12(b)(6) motion to dismiss, [plaintiff] must allege facts in his [complaint] that, if proven, would confer standing upon him." *Id.*, citing *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1140 (9th Cir.2003).

The complaint is, as Defendants point out, quite conclusory. The totality of what the first nine causes of action reveal about Plaintiffs' identity is that they are each "persons who have individually and collectively incurred necessary costs of response" under CERCLA. Compl. ¶ 5. While Plaintiffs argue that this statement is sufficient to bestow standing on them to sue, the Court disagrees because there is no explanation how or why Plaintiffs have incurred that cost. There is no allegation that Plaintiffs are neighbors, prior owners, or in the chain of title, and the allegations that they have a possessory interest appear contradictory. (The statement that "Plaintiffs have a possessory interest in the Property," *Id.* ¶ 46, possibly contradicts the allegation that Defendant Wells Fargo took "exclusive possession" of the facility on or about September 5, 2008, and remained in possession "at all times relevant to this action." *Id.* ¶¶ 7, 12.) Furthermore, in their opposition brief, Plaintiffs concede that "[i]t is possible that Harwood Investment does not have a sufficient present possessory right to sustain" at least the nuisance claim. Opp'n at 8 n.2. In short, the bare allegation that Plaintiffs have "incurred necessary costs of response" is conclusory, and the first nine causes of action are littered with similarly conclusory statements, alleging that Plaintiffs are entitled relief, but failing to explain why. Compl. ¶¶ 5, 21, 25, 30, 34, 36, 41, 47, 53, and 56.

Because the complaint fails to explain the relationship between the Plaintiffs and the land in question and relies on wholly conclusory allegations of injury, the Court grants Defendants' motions to dismiss on the basis that there are insufficient allegations of standing. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (requiring that a claim be facially plausible to survive a rule 12(b)(6) challenge). Plaintiffs are entitled; however, to leave to amend. "'Dismissal without leave to amend is improper unless it is clear ... that the complaint could not be saved by any amendment.'" *Id., citing Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir.2002). While Defendants request that dismissal be made without leave to amend, Docket No. 12, at 6 and Docket No. 13 at 7, the Court finds that the complaint could be remedied by a clear allegation of how Plaintiffs are actually injured, including the specifics regarding their relationship to the subject property, to Defendants and to Harwood Products, and how Plaintiffs have standing to bring the claims alleged.

In light of the failure to allege sufficiently detailed facts to establish standing, the Court does not address Defendants' motion to dismiss claim nine which seeks relief for ultrahazardous activities to the extent that motion is based on the merits.

## II.  CONCLUSION

For the foregoing reasons, the motions to dismiss are granted. Plaintiffs shall have until December 18, 2009, to amend their complaint.

This order disposes of Docket Nos. 12 and 13.

IT IS SO ORDERED.

Dated: November 24, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

3